IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| RANDY LEE VALENTINE, ) | Civil Action No. 4:08-0979-HMH-TER |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| WARDEN CECILIA REYNOLDS, ) | |
| ) | |
| Respondent. ) | |

Petitioner, Randy Lee Valentine, ("Petitioner/Valentine") is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing *pro se*, filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254[1] on March 26, 2008. Respondent filed a motion for summary judgment on July 25, 2008, along with a return and supporting memorandum. The undersigned issued an order filed July 28, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to file a response. On August 25, 2008, Petitioner filed a motion requesting an additional thirty (30) days to respond to Respondent's motion for summary judgment pursuant to the Roseboro order. Thus, Petitioner was given until October 2, 2008, to file a response to the motion for summary judgment. Petitioner filed a response in opposition on September 15, 2008.

---

[1] This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## I. PROCEDURAL HISTORY

Petitioner is currently confined to the Kershaw Correctional Institution of the South Carolina Department of Corrections (SCDC), pursuant to commitment orders from the Greenville County Clerk of Court. The Greenville County Grand Jury indicted Petitioner at the April 1999 term of court for possession with intent to distribute (PWID) heroin (99-GS-23-2040) and PWID heroin within close proximity of a school (99-GS-23-2041). App. 56-59. Petitioner was represented on these charges by Larry Crane, Esquire.

Petitioner entered a guilty plea to Possession with Intent to Distribute Heroin (case # 1999-GS-23-2040) and Possession with Intent to Distribute Heroin within ½ Mile of a School (case # 1999-GS-23-2041) on February 4, 2000. Petitioner was sentenced to fifteen (15) years on case # 1999-2040 and ten (10) years on case # 1999-2041. It was suspended upon Petitioner's entrance into the Greenville County Drug Court Program. Petitioner appeared in Court again on June 16, 2003, for violation of the Drug Court Program. Petitioner was terminated from the Drug Court Program and Ordered committed on case # 1999-2040 to the South Carolina Department of Corrections (SCDC) for a period of fifteen (15) years. Petitioner was committed to the SCDC on case # 1999-2041 for a period of ten (10) years suspended upon the service of eight (8) years and 48 months probation.[2]

---

[2] In addition, on December 7, 2005, Petitioner was found guilty at trial for Throwing Bodily Fluids (2003-GS-23-7310) and received a sentence of seven (7) years, consecutive to Petitioner's drug charge sentences.

2

Petitioner did not file a direct appeal for his drug charge convictions (# 1999-2040 and # 1999-2041), but did file an Application for Post Conviction Relief (PCR) on June 4, 2004, alleging the following grounds:

1. Ineffective assistance of counsel;

2. Involuntary guilty plea

3. Lack of Subject Matter Jurisdiction

App. 14-41.

Petitioner's PCR action was denied and dismissed with prejudice by the Honorable John C. Few on March 7, 2005, and filed March 9, 2005, as it was untimely under §17-27-70. Petitioner filed a Notice of Intent to Appeal from the Order of Judge Few on March 23, 2005, and additionally filed a Johnson Petition for Writ of Certiorari to the South Carolina Supreme Court on November 18, 2005. By Order dated February 15, 2006, the South Carolina Supreme Court transferred Petitioner's post-conviction relief case to the South Carolina Court of Appeals. The South Carolina Court of Appeals filed an Order on October 30, 2007, in which it denied certiorari and granted counsel's request to be relieved of counsel. The remittitur was sent to the Greenville County Clerk of Court on November 16, 2007.

On November 8, 2006, Petitioner delivered for filing a pro se petition for Writ of habeas Corpus 4:06-cv-03221-HMH-TER. This petition was dismissed by Order dated May 14, 2007, without prejudice and without issuance of service on Respondent because Petitioner had failed to exhaust state court remedies in that his petition for writ of certiorari was still pending in the South Carolina Court of Appeals.

Petitioner filed the current habeas corpus petition on March 26, 2008, with a Houston v. Lack

3

delivery date of March 18, 2008.

## II. HABEAS ALLEGATIONS

Petitioner raises the following allegations in his *pro se* Petition for Writ of Habeas Corpus, quoted verbatim:

**GROUND ONE:** The lower court erred in dismissing petitioner's PCR application as untimely filed, thus violating the 14TH Amendment to the U.S. Const.

**SUPPORTING FACTS:** On June 16th 2003, petitioner appeared in court for violation of the drug program and was terminated from this program and sent to S.C.D.C. for a period of 15 years on case (#1999-2040) and sentenced to 10 years suspended upon the service of eight (8) years and 48 months probation on case (#1999-2041). The petitioner thereafter filed his post-conviction relief application on June 4th 2004.

**GROUND TWO:** The petitioner's PCR Application was timely filed on June 4th 2004. Thus violating the 14th Amendment to the U.S. Const.

**SUPPORTING FACTS:** On dated [sic] March 2ND, 2005 and filed March 3rd 2005, Caroline M. Horlbeck was appointed by the court to represent the petitioner in his PCR action, submitted in the above reference case move to alter to amend the order denied relief by written order of the court dated March 7th 2005 and order denying the motion filed March 22nd 2005. That I received a copies of the ruling from the 59 (e) Motion on May 2nd 2006.

**GROUND THREE:** Illegal and unreasonable search of his person. Thus violating the 4TH Amendment to the U.S. Constitution.

**SUPPORTING FACTS:** Petitioner contends that there was no probable cause for his arrest and the search of his person was therefore invalid cause tainted by unlawful

4

|  |  |
|---|---|
|  | confinement when I was [N]ot free to leave is when my arrest was executed. Whereas police officers were executing a search warrant at someone else's residence and I just happened to come to the apartment on 10/21/98. |
| **GROUND FOUR**: | Petitioner's plea was involuntary because counsel was ineffective by breach of plea agreement, and deprive of liberty due process of law. |
| **SUPPORTING FACTS**: | Petitioner over that he was received by the S.C. Dept. of Correction (SCDC) on June 17TH 2003, pursuant to a drug possession conviction and first offense and a sixty month non-violent sentence entered by the Circuit Court of the County of Greenville. But he remains illegally imprisoned as a result of the application of an unconstitutional state statute, lack subject matter jurisdiction. |

(Petition).

## III. SUMMARY JUDGMENT

On July 25, 2008, the Respondent filed a return and memorandum of law in support of his motion for summary judgment.

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and <u>Celotex v. Catrett</u>, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. <u>See</u> Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the <u>Celotex</u> case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. <u>Celotex</u>, 477 U.S. at 322-323.

## IV.  STANDARD OF REVIEW

Since Valentine filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. <u>Lindh v. Murphy</u>, 117 S. Ct. 2059 (1997); <u>Breard v. Pruett</u>, 134 F.3d 615 (4th Cir. 1998); <u>Green v. French</u>, 143 F.3d 865 (4th Cir. 1998). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State

> court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To a large extent, the amendment of § 2254 shifts the focus of habeas review to the state court application of Supreme Court law. See O'Brien v. DuBois, 145 F.3d 16 (1st Cir. 1998) ("the AEDPA amendments to section 2254 exalt the role that a state court's decision plays in a habeas proceeding by specifically directing the habeas court to make the state court decision the cynosure of federal review."). Further, the facts determined by the state court to which this standard is applied are presumed to be correct unless rebutted by the Petitioner by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The United States Supreme Court has addressed procedure under § 2254(d). See Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1). Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts.

### V.   DISCUSSION AS TO STATUTE OF LIMITATIONS

The Respondent asserts that the Petitioner's claims must be dismissed as untimely. Specifically, Respondent asserts that the Petitioner's federal habeas petition should be dismissed

because it was not timely filed under the one-year statute of limitations created by the AEDPA.

Respondent argues as follows, quoted verbatim, in part:

> His state court convictions became final no later than ten days after June 16, 2003, when Petitioner was terminated from the Drug Court Program and ordered to confinement for fifteen years on 99-GS-23-2040 and, upon completion of that sentence, to serve a forty-eight month probationary term on the suspended ten year sentence for 99-GS-23-2041. The tenth date after his sentence was imposed was the last date on which he could serve a notice of appeal to the South Carolina Supreme Court from that sentence. See Rule 203(b)(2), SCACR. Thus, his convictions became final on June 26, 2003; and he thereafter had one year within which to file a habeas petition, with appropriate tolling for a "properly filed" PCR application. Petitioner filed a pro se Post Conviction Relief Application (04-CP-23-3671) on June 4, 2004. . . . Although this was only three hundred forty-four (344) days after his conviction became final, this clearly was not a "properly filed" application for post-conviction relief under Artuz because the state courts determined that it was barred by the statute of limitations. . . .
>
> Therefore, the limitations period in this case began running under §2244(d)(1)(A), on June 26, 2003,[3] and the PCR Application did not toll the statute of limitations. . . . it appears from the attachments to the Petition that the appropriate date is March 8, 2008.[4] This is almost five years after his conviction became final. Even using the November 8, 2006, delivery date for the Petition for Writ of Habeas Corpus in Valentine v. Burt, 4-06-cv-03221-HMH-TER as the proper date, this still is over three years after the conviction became final. Therefore, the Petition is barred by 2244(d)(1).

(Respondent's memorandum, p. 11-13).

The applicable law is as follows: The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state

---

[3] Respondent asserts that in the state PCR court, Respondent argued that the state statute of limitations began to run on the date of Petitioner's original plea because his ineffective assistance of counsel claims centered around the advice to enter the plea and counsel's performance before the plea. However, Respondent asserts that it only takes the later date in connection with application of § 2244 (d)(1)(A) because the PCR Application was not "properly filed" under § 2244(d)(2) and Petitioner is time barred even using the June 26, 2003 date.

[4] Delivery date for current habeas petition.

8

inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[5] Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a "properly filed" application for State post- conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

As stated under the procedural history, giving Petitioner the date he was terminated from the Drug Court Program and ordered to confinement for fifteen years on 99-GS-23-2040 and a forty-

---

[4] Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing. Duarte v. Hershberger, 947 F. Supp. 146, 148, n.2 (D.N.J. 1996).

eight month probationary term on the suspended ten year sentence for 99-GS-23-1041 as opposed to the date of the original plea for the purpose of determining the habeas statute of limitations, the Petitioner's conviction became final on ten days after June 16, 2003. Petitioner did not file a notice of appeal to the South Carolina Supreme Court from the sentence. Therefore, the conviction became final on June 26, 2003. As such, Petitioner had until June 26, 2003, to file his habeas petition unless the period was tolled.

Petitioner filed an Application for PCR on June 4, 2004. Therefore, three hundred forty-four (344) days of non-tolled time had expired since the date the conviction became final. The filing of the PCR application did not toll the habeas statute of limitations in that it was not a "properly filed" state collateral attack action under 28 U.S.C. §2244(d)(2).[6] Petitioner filed this habeas petition on March 26, 2008, with a Houston v. Lack [7] delivery date of March 18, 2008. However, even using the date of March 18, 2008, the time is well outside the limitations period.

Previously, Petitioner filed a *pro se* petition for Writ of Habeas Corpus in this court on November 15, 2006, with a Houston v. Lack, supra delivery date of November 8, 2006. In this previous petition, Petitioner attempted to attack the two offenses that are the subject of this current petition, as well as, a 2005 conviction for the Throwing of Bodily Fluids which he requested

---

[6] Even if the filing of the PCR tolled the statute of limitations, the South Carolina Court of Appeals denied the petition for writ of certiorari on October 30, 2007, and the remittitur was sent down on November 16, 2007. Petitioner did not file this petition until March 18, 2008. Thus, this time period added to the 344 days that already expired would be outside the statute of limitations period. Thus, the petition is still barred by the one year statute of limitations.

[7] In the event that a limitations issue arises in prisoner-filed litigation, the plaintiff has the benefit of the holding in Houston v. Lack, 487 U.S. 266 (1988). Houston v. Lack holds that timeliness issues surrounding prisoner pleadings will be based on the date that the prisoner turned his pleading over to prison authorities for mailing. The stamped date on the envelope as being received in the "KerCI Mailroom" is March 18, 2008.(Complaint, doc.1-10).

immediate release and his conviction vacated. This petition (4:06-3221-HMH-TER)[8] was dismissed by the Court on May 14, 2007, without prejudice for failure to exhaust state court remedies. At the time of the filing of that petition, Petitioner's PCR appeal was pending with the South Carolina Court of Appeals with regard to the drug convictions and Petitioner had indicated that he had filed a direct appeal with regard to the Throwing of Bodily Fluids conviction which was still pending at the time he filed the previous habeas petition. Therefore, even assuming *arguendo*, Petitioner was allowed to use the delivery date of November 8, 2006, for the filing of his habeas petition, the petition would still be barred by the one year statute of limitations.

In the case of Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000), the Fourth Circuit aggregated time periods to conclude that a federal habeas petition was time barred under 28 U.S.C. § 2244(d). In Harris, the Fourth Circuit stated:

> Thus, for Harris, the one-year limitation period imposed by §2244(d) commenced on April 24, 1996. Ten-and-one-half months later, on March 12, 1997, Harris filed his petition for state post-conviction review, which suspended the running of the one-year limitation period. This petition remained "pending" in state courts until January 7, 1998, when the Maryland Court of Appeals denied Harris' application for leave to appeal the denial of his petition. At this point, the clock began running again on the one-year limitation period, expiring one-and-one-half months later, in February 1998. Harris did not file his federal habeas petition until July 22, 1998, six months after his one-year period had expired. Therefore, the petition was time-barred under 28 U.S.C. § 2244(d).

Harris, 209 F.3d at 327.

Petitioner has not presented any evidence to warrant equitable tolling. In the case of Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003), the Fourth Circuit held the following:

---

[8] Petitioner appealed this order to the Fourth Circuit Court of Appeals which was dismissed by opinion filed September 11, 2007. (Document #19, 4:06-cv-3321-HMH).

Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* --- U.S. ----, 123 S.Ct. 1398, 1401, 155 L.Ed.2d 363 (2003) (internal citations and quotation marks omitted). Nevertheless, we have held that the AEDPA statute of limitations is subject to equitable tolling. *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000). As we held in *Harris,* however, rarely will circumstances warrant equitable tolling:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Id. Principles of equitable tolling do not extend to garden variety claims of excusable neglect. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling did not apply where petitioner's lawyer was absent from the office when the EEOC notice was received, and petitioner filed within 30 days of the date he personally received notice). Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.' " *Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir.2001) (quoting *Harris,* 209 F.3d at 330). Accordingly, under our existing "extraordinary circumstances" test, Rouse is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.

The district court held that although the 1-year AEDPA limitations period is subject to equitable tolling, a "mistake of counsel does not serve as a ground for equitable tolling" as a matter of law. (J.A. at 328.) The court held that the circumstance that prevented Rouse from filing on time, his former counsel's "slight miscalculation by relying on Fed.R.Civ.P. 6(e)," was not an extraordinary circumstance beyond Rouse's control, and thus, that equitable tolling did not apply. (J.A. at 327-31.) The district court also found that Rouse's health during the limitations period did not

warrant equitable tolling because he was not in "any way incompetent for a substantial part of the [limitations period]." (J.A. at 331.)

Id. at 246-247.

Applying the law as described in Harris, Petitioner has not presented an extraordinary circumstance beyond Petitioner's control. Harris, 209 F.3d at 331. Likewise, it is well established that a pro se prisoner's ignorance of the law is not a basis to invoke equitable tolling. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Based on the fact that Petitioner has not shown any extraordinary circumstances to warrant equitable tolling, the petition is barred by the statute of limitations.

## VI.  CONCLUSION

As set out above, a review of the record indicates that the Petitioner's federal habeas corpus petition should be dismissed as it is barred by the statute of limitations. It is, therefore,

RECOMMENDED that Respondent's motion for summary judgment (document #17) be GRANTED in its ENTIRETY, and the petition be dismissed without an evidentiary hearing.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

September 30, 2008
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**