IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Randy Lee Valentine, #198972, ) | |
| ) | |
| Petitioner, ) | C.A. No. 4:08-0979-HMH-TER |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Warden Cecilia Reynolds, ) | |
| ) | |
| Respondent. ) | |

    This matter is before the court with the Report and Recommendation of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Randy Lee Valentine ("Valentine"), proceeding pro se, filed the instant federal habeas corpus petition pursuant to 28 U.S.C. § 2254 on March 26, 2008.  In response, Respondent, Warden Cecilia Reynolds ("Reynolds"), filed a motion for summary judgment on July 25, 2008.  In his Report and Recommendation, Magistrate Judge Rogers recommends granting Reynolds' motion for summary judgment and dismissing Valentine's petition without an evidentiary hearing.  For the reasons set forth below, the court adopts the magistrate judge's Report.

    Valentine filed objections to the Report and Recommendation.  Objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1) (2006).

1

a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of <u>specific</u> objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Valentine's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court has identified two specific objections: (1) that the magistrate judge erred in concluding that Valentine's petition is time-barred under the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act ("AEDPA"); and (2) the magistrate judge erred in finding that Valentine did not present evidence to warrant equitable tolling. (Objections 8-10, 15.) Both objections are without merit.

Section 2244 establishes a one-year period of limitation that "shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). "The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ." § 2244(d)(2). As the magistrate judge explains, Valentine's conviction became final on June 26, 2003. As such, Valentine had until June 26, 2004, to file his habeas petition unless the period was tolled. There was no tolling of the time period. Valentine did not file the instant habeas

petition until March 26, 2008,[2] or at best using the delivery date, March 18, 2008. Nevertheless, even using the date of March 18, 2008, the time is well outside of the one-year limitations period. Valentine's objection to the statute of limitations period, therefore, is without merit.

Magistrate Judge Rogers also concluded that Valentine did not present any evidence to warrant equitable tolling. (Report & Recommendation 11.) "Equitable tolling is appropriate when, but only when, extraordinary circumstances beyond the petitioner's control prevented him from complying with the statutory time limit." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (internal quotation marks omitted). However, "even in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (citation omitted). Valentine simply has not shown the existence of extraordinary circumstances beyond his control that would have prevented him from filing a federal claim within the time limits established by AEDPA. Accordingly, this petition has not been timely filed and cannot be salvaged by the operation of equitable tolling. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Rogers' Report and Recommendation.

---

[2] Houston v. Lack, 493 U.S. 920, 920 (1989).

It is therefore

**ORDERED** that Reynolds' motion for summary judgment, docket number 17, is granted; and it is

**ORDERED** that Valentine's federal habeas corpus petition, docket number 1, is dismissed without an evidentiary hearing.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.<br>United States District Judge

Greenville, South Carolina
November 3, 2008

## NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.